# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 1441 |
| | ) | |
| **4260 HOBACK RIVER ROAD,** | ) | |
| **HOBACK JUNCTION, WYOMING**, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM ORDER</u>

Last week's luck of the draw brought this action to this Court's calendar via random assignment. Needless to say, the above caption in this in rem forfeiture proceeding started this Court's analytical antenna to begin vibrating: Just what is the proposed forfeiture of a parcel of Wyoming real estate doing in the Northern District of Illinois?

Complaint ¶ 9 explains the purported governmental predicate for bringing this action here:

> This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C.
> § 1355(b)(1)(A), as certain of the acts giving rise to the forfeiture occurred within
> the Northern District of Illinois.

That statutory reference is to the 1992 amendment to 28 U.S.C. § 1355 ("Section 1355") that broadened the historic venue constraints in forfeiture proceedings by adding this provision:

> A forfeiture action of proceeding may be brought in --
>
> > (A)    the district court for the district in which any of the acts or
> > omissions giving rise to the forfeiture occurred.

But to read that provision as allowing a forfeiture of outside-the-district real estate is bizarre, particularly given the concomitant provision of Section 1355(d) -- a provision

mysteriously cited in Complaint ¶ 6 as bringing "the defendant property . . . within the jurisdiction of this Court":[1]

> Any court with jurisdiction over a forfeiture action pursuant to subsection (b) may issue and cause to be served in any other district such process as may be required to bring before the court the property that is the subject of the forfeiture action.

Even the all-powerful United States would have some difficulty in moving the subject parcel from Wyoming to Illinois, even though Macbeth did learn that it was fatal to rely on this seemingly rock-solid promise by the three witches:

> Macbeth shall never vanquish'd be until
> Great Birnamwood to high Dunsinane hill
> Shall come against him.

Less classically, this Court has reviewed 17 Moore's Federal Practice § 110.34 (3d ed. 2013) and Wright, Miller & Cooper's Federal Practice and Procedure: Jurisdiction 3d § 3820, as well as conducting a Westlaw search, all in vain -- none of them contained either a case citation or a merits-based discussion that even hinted at the propriety of what the United States Attorney's Office has done here. Instead the cases that actually applied that Section 1355(d) provision substantively to property located outside of the forfeiture forum all dealt with such assets as foreign bank accounts (not immovable real estate).

This memorandum order should not be mistaken as a jurisdictional challenge that would support a sua sponte dismissal if that challenge were to succeed. Instead government counsel is ordered to appear for a status hearing at 9:15 a.m. March 14, 2014 to provide some explanation of a real-world basis for bringing this action here rather than at its logical situs in the District of

---

[1] Unsurprisingly, the Complaint makes no reference to Section 1355(d) as a predicate for siting venue in this District.

Wyoming.  This Court will then consider what if any action may be appropriate.

Milton I. Shadur
Senior United States District Judge

Dated:  March 5, 2014